[613 NYS2d 149]

In the Matter of MARVIN MARGOLIS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 9, 1994

### APPEARANCES OF COUNSEL

*Naomi F. Simon* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*S. Herman Klarsfeld* for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent Marvin Margolis was admitted to the practice of law by the Second Judicial Department on March 15,

1950 and at all times relevant to the matters herein maintained an office for the practice of law in the First Judicial Department. By a notice and statement of charges served on or about December 18, 1991 and a statement of amended charges served on March 31, 1992, respondent was charged with 11 counts of misconduct in connection with four matters. On or about April 30, 1992 the respondent served an answer in which he denied all of the allegations of misconduct. A Hearing Panel was convened and met on seven occasions from July 30, 1992 through March 11, 1993 to hear testimony and receive evidence relating to the charges.

Charges one through three resulted from respondent's involvement with a Michigan residuary trust. Originally respondent's cotrustee, a Michigan attorney, administered the trust. However, after distribution of some $700,000 to the beneficiaries and upon the infirmity of the cotrustee, respondent assumed responsibility for finalizing the accounting and tax work for the trust. A check for $14,757.16, which represented the remaining assets of the trust, was made payable to the respondent as "Attorney". Respondent deposited the check into his personal account, which contained both personal and clients' funds. Within 10 days thereafter the balance in the account fell to $9,569.55 and shortly thereafter the account was overdrawn.

As a result of these actions respondent was charged with converting trust funds and thereby engaging in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102 (A) (4) and in conduct adversely reflecting on his fitness to practice law in violation of DR 1-102 (A) (6). In addition respondent was charged with failing to preserve the identity of client funds in violation of DR 9-102 (A) and failing to place client property in a place of safekeeping in violation of DR 9-102 (B) (2). Respondent was further charged with violating DR 9-102 (B) (3) based on his failure to render an accounting of funds collected on behalf of the trust's beneficiaries despite due demand therefor.

Respondent's main defense to these charges was that the funds involved were due and owing to him as commissions for his work on the trust. Respondent maintained also that since he was acting as testamentary executor and trustee, and not as attorney for the Michigan estate, he was not required to place the funds in a separate account. The Hearing Panel sustained only charge one, which alleged that the respondent had converted the trust funds in violation of DR 1-102 (A) (4).

In reaching its conclusion the Hearing Panel found that the respondent had intentionally used the trust funds for his own personal or business purposes. The Panel also concluded that the respondent's claim that he was entitled to the funds as reimbursement for expenses or as additional commissions was disingenuous and without merit.

Charge four arose out of respondent's representation of a corporation in connection with the sale of its assets to another corporation. Pursuant to an agreement executed by the respondent and the parties, respondent was to receive $250,000 from the buyer upon completion of the sale and was to hold the funds in escrow pending distribution of the sum to 31 creditors of the seller. It was also provided that the respondent was to receive additional payments from the purchaser corporation over the next five years which were to be distributed to the seller's creditors. Respondent received a number of checks in his capacity as escrow agent which he deposited into his personal account. As a result the respondent was charged with intentionally misappropriating escrow funds and thereby engaging in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102 (A) (4) and with conduct adversely reflecting on his fitness to practice law in violation of DR 1-102 (A) (6).

Respondent denied that he converted any funds and maintained that there was no notation on any of the checks indicating that they were issued for the payment of creditors. The Hearing Panel concluded that the respondent had intentionally misappropriated escrow funds and thereby engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102 (A) (4) and in conduct adversely reflecting on his fitness to practice law, in violation of DR 1-102 (A) (6). Consequently charge four was sustained in its entirety.

Charges five through seven arose out of respondent's representation of a corporation and of its major shareholder on an individual basis. The respondent contacted the major shareholder and requested that the corporation loan him $15,000. The respondent represented that he would have sufficient funds to repay the loan by the following week. The check issued by the respondent in repayment was returned for insufficient funds. Eventually the corporation obtained a judgment against the respondent in the amount of $15,000 plus interest. Respondent, despite being duly served with the judgment, did not satisfy same.

As a result of the respondent's failure or refusal to comply with the terms of the judgment he was charged with engaging in conduct prejudicial to the administration of justice in violation of DR 1-102 (A) (5) and with conduct that adversely reflects on his fitness to practice law in violation of DR 1-102 (A) (6). As a result of obtaining the loan from the client without disclosing his financial difficulties respondent was charged with entering into a business transaction with a client whose interests differed from his own in violation of DR 5-104 (A). In response to the charges, respondent stated that the corporation was not his client when he obtained the loan; that he never stated he would repay the money in one week; and that the failure to pay the judgment was due to his inability to pay and was not the result of his disregard of the judgment. The Hearing Panel did not sustain charges five, six, and seven which were based on the allegations regarding the loan.

Charges eight through ten arose out of the respondent's representation of the president of a corporation in the sale of a lease of commercial property by the corporation to a partnership. The parties and the respondent executed an agreement pursuant to which the respondent, upon completion of the sale, would hold $50,000 in escrow in the event any further claims arose as a result of the sale. Through new counsel the president of the seller requested the return of the escrow funds in order for new counsel to become the new escrow agent. Respondent failed to reply to written demands for three months. Respondent ultimately issued three checks to cover the amount, one in the amount of $10,000 and two others each in the amount of $20,000. Only the check for $10,000 cleared. Of the remaining two checks one check was dishonored for insufficient funds, and thereafter the account on which the checks were drawn was frequently overdrawn. Respondent failed to respond to counsel's letters demanding a certified check to cover the uncollected amounts, and as of the date of the hearing had not yet paid the client the outstanding $40,000 plus interest. In addition, as a result of an unrelated transaction, respondent executed a confession of judgment in favor of this complainant in the amount of $192,627. It was charged that the respondent failed to satisfy that judgment.

As a result respondent was charged with intentionally misappropriating escrow funds and thereby engaging in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102 (A) (4) and conduct adversely reflect-

ing on his fitness to practice law in violation of DR 1-102 (A) (6). By failing to preserve funds belonging to another person that came into respondent's possession, respondent was charged with failing to maintain funds in an escrow account in violation of DR 9-102 (A) and (B) (1) and (4). As a result of respondent's failure to satisfy the judgment obtained against him respondent was charged with engaging in conduct adversely reflecting on his fitness to practice law in violation of DR 1-102 (A) (6).

Respondent's defense to these charges was that after executing the agreement in question he and the corporate president subsequently agreed to change the escrow agreement to a "nonescrow agreement", which provided for investment of the funds and interest payments to the corporate president.

With respect to these charges the Hearing Panel found that respondent intentionally misappropriated escrow funds and thereby engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102 (A) (4) and in conduct adversely reflecting on his fitness to practice law in violation of DR 1-102 (A) (6). The Panel also found respondent to have violated DR 9-102 (A) and (B) (1) and (4) by failing to preserve client funds in an escrow account. Thus the Panel sustained charges eight and nine. Charge ten, which alleged respondent's failure to pay a judgment entered against him in favor of this complainant, was not sustained.

The Hearing Panel sustained charge eleven of the complaint, which charged the respondent with failure to cooperate with the Committee's investigation, based on respondent's failure to respond to two letters sent to respondent's office return receipt requested, where the receipt indicated that the letter was received at the respondent's office.

By petition dated December 10, 1993, the Departmental Disciplinary Committee moves for an order confirming the Hearing Panel's report and imposing the recommended sanction of disbarment. By cross motion dated January 13, 1994, the respondent seeks an order disaffirming the Panel's report and rejecting the findings of professional misconduct. In the alternative, the respondent seeks a less severe sanction. The arguments in support of the cross motion merely reiterate the defenses put forth by the respondent during the hearings before the Panel.

The evidence presented amply supports the conclusions reached by the Panel with respect to all of the charges

sustained. It has been held that absent extremely unusual mitigating circumstances, the conversion of funds belonging to clients or third parties is grave misconduct which warrants the sanction of disbarment *(Matter of Schmidt,* 145 AD2d 103; *Matter of Malatesta,* 124 AD2d 62). An attorney who misappropriates funds is presumptively unfit to practice law *(Matter of Pressment,* 118 AD2d 270). There are in this case no special circumstances which warrant any leniency. The evidence unequivocally establishes that the respondent intentionally converted escrow and trust funds. In view of the multiple violations of the Code of Professional Responsibility involving misappropriation and conversion of escrow and trust funds we conclude that the appropriate sanction is disbarment.

Accordingly, the petition of the Departmental Disciplinary Committee is granted, the report of the Hearing Panel is hereby confirmed and the recommended sanction of disbarment imposed. The respondent's cross motion is denied in its entirety and his name is stricken from the roll of attorneys, effective 30 days from the date of this order.

ROSENBERGER, J. P., ROSS, ASCH, RUBIN and TOM, JJ., concur.

Petition granted, the Hearing Panel's report confirmed, the cross motion to disaffirm the report denied, and respondent disbarred from practice as an attorney and counselor-at-law in the State of New York, effective July 11, 1994.